## PRESTON v. TIPPETT DRILLING CO.
### No. 6156.

Court of Appeal of Louisiana. Second Circuit.

Nov. 1, 1940.

W. T. Drew and D. W. Thomas; both of Minden, for appellant.

Dan W. Stewart, Jr., of Minden, for appellee.

HAMITER, Judge.

Plaintiff, Elmer B. Preston, was injured when the Ford Sedan in which he was a passenger collided with the rear end of a large commercial vehicle, consisting of an International truck with attached trailer, owned by the Tippett Drilling Company; and he seeks damages for the injuries from such owner.

The collision occurred on U. S. Highway 80, within the corporate limits of Minden, Louisiana, at a point approximately 350 feet west of its junction with the L. & A. Railway Company tracks. Clear weather prevailed at the time, this being between 7:30 and 8:00 o'clock of the night of March 18, 1939.

When struck, defendant's commercial unit, which we shall refer to hereinafter as truck, was in charge of a duly authorized employee, S. P. Logan, and was stationary and headed in an easterly direction on its right side of the highway. It stood behind and in line with 18 or 20 other vehicles, all of which were awaiting the passage of a lengthy train from the above mentioned railway crossing.

Affixed to the truck were numerous clearance lights and a tail light. Each clearance light, when burning, displayed a yellow glow forward and a red one behind. The tail light, having a red reflector, was located on the end of the coupling pole.

The Ford Sedan in which plaintiff was riding was being driven toward the east by N. B. Walker, its owner. Its crashing into the rear end of the motionless truck resulted in the coupling pole of the latter projecting through the front portion of the Ford and striking plaintiff.

It is charged by plaintiff, as the basis for his action, that the tail and clearance lights were not burning on the truck, and that defendant's negligence with respect to this non-compliance with traffic regulations was the proximate cause of the accident.

Defendant, in its answer, admits the occasion of the collision, but denies responsibility therefor. It avers that the truck was properly equipped with lights and that all were burning. Additionally it pleads that Walker, the driver of the Ford Sedan, was drunk or under the influence of intoxicating liquor, to the knowledge of plaintiff; that they were then on a joint mission; and that the accident was caused solely by their own negligence.

The Judge of the District Court received evidence on the issues thus created, and rendered judgment, at the conclusion of the trial, rejecting the demands of plaintiff and dismissing his suit. This appeal followed.

With reference to the important issue of fact concerning the lighting system of the truck, defendant's employee, S. P. Logan, and also two disinterested witnesses testify that all lights were burning at the time of the accident. Several other persons who appeared at the scene a few minutes later found all aglow, except the rear light which had been pushed into the Ford, disconnected and disengaged from its frame.

The truck's lack of burning clearance and tail lights is attested by plaintiff and by his companion, Walker. Corroboration of their testimony, with respect to the clearance lights, is furnished by one John Atkins and by several others. These witnesses assert that when the accident happened they were occupants of a car that was traveling in a westerly direction alongside the truck; and that they were on the east side of the railroad track during the train's employment of the crossing.

Each litigant, through counsel, claims that the testimony of witnesses for the opponent, relating to the status of the lighting system at the moment of the accident, is discredited by certain revealed circumstances. For instance it is urged that those testifying for the defense, except the driver of the truck, were too far from the scene to permit an accurate view of the situation. On the other hand, the argument is advanced that John Atkins and his associates were not opposite the truck, as they testify, for the reason that the impact occurred before the train cleared the crossing and they were then east of it.

The issue involving the alleged intoxication of the Ford Sedan's driver, Walker, also produces conflicting testimony. He claims to have had only one recent drink, and this was of gin which had been imbibed more than an hour previously. Others appearing in plaintiff's behalf say that he was not experiencing any degree of intoxication. Testifying for the defense, a police officer of the City of Minden noticed that such driver had been drinking and arrested him. Two officers of the State Police Department found, on their arrival, that he was under the influence of intoxicating liquor. The criminal charge docketed in the City Court of Minden that resulted from the aforementioned arrest was not, however, judicially determined prior to the trial of the instant case.

Our above expressed observations accurately reflect the unsatisfactory condition of the record, and disclose the irreconcilably conflicting nature of the testimony affecting the material and important facts surrounding the accident. We have purposely not given a detailed discussion of the evidence, for to do so would benefit no one.

■ It is axiomatic that on questions of fact involving the credibility of witnesses the trial judge's findings are entitled to great weight and should not be disturbed by an appellate court unless clearly erroneous. The original brief of appellant's counsel states that, "There is just one issue in this case: the credibility of witnesses." This comment and the above shown condition of the evidence conclusively prove the applicability here of the stated rule.

■ A close and thorough study of the record has been made by us, and we are not prepared to say that manifest error has been committed by the district court.

The judgment is affirmed.

DREW, J., recused.